**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO HERNANDEZ GONZALEZ, Petitioner, v. ERIC H. HOLDER Jr., Attorney General, Respondent. | Nos. 07-71568 08-70702 Agency No. A096-070-573 MEMORANDUM [*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

In these consolidated petitions for review, Mario Hernandez Gonzalez, a

native and citizen of Mexico, petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LR/Research

decision denying his application for cancellation of removal, and the BIA's order denying his motion to reopen, based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination, *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 850-51 (9th Cir. 2004), and for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petitions for review.

The record does not compel the conclusion that Hernandez Gonzalez met his burden to establish continuous physical presence where he provided insufficient evidence of his presence from 1993 to 2000. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir. 1999) (a contrary result is not compelled where there is "[t]he possibility of drawing two inconsistent conclusions from the evidence") (internal quotation marks and citation omitted).

The BIA acted within its discretion in denying as untimely Hernandez Gonzalez's motion to reopen because it was filed more than 90 days after the BIA's final removal order, *see* 8 C.F.R. § 1003.2(c)(2), and Hernandez-Gonzalez did not show he was entitled to equitable tolling, *see Iturribarria*, 321 F.3d at 897.

**PETITIONS FOR REVIEW DENIED.**